UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACQUELINE HOOD,

    Plaintiff,

v.

                              Case No. 25-cv-1399-pp

NEMAK,

    Defendant.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DETERMINING COMPLAINT DOES NOT STATE CLAIM AND REQUIRING PLAINTIFF TO FILE AMENDED MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (OR PAY THE FILING FEE) AND FILE AMENDED COMPLAINT**

On September 12, 2025, the plaintiff, representing herself, filed a complaint against Nemak, alleging that a supervisor held her hostage in a room, harassed her about her steel-toed boots and refused to train her on her last day. Dkt. No. 1 at 2. The plaintiff seeks damages for emotional relief and trauma, asserting that the incidents occurred because of her skin color or sex. Id. Along with the complaint, the plaintiff filed a motion to proceed without prepaying the filing fee. Dkt. No. 2.

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(a) and 1915(e)(2)(B)(i).

1

Case 2:25-cv-01399-PP   Filed 09/26/25   Page 1 of 8   Document 4

The plaintiff's affidavit does not provide enough facts for the court to determine whether she can pay the filing fee. The affidavit attests that the plaintiff is not employed and not married but that she is responsible for supporting dependents. Dkt. No. 2 at 1. She did not list any dependents in the application, nor did she list the amounts that she pays to support them. Id. The affidavit listed no wages or salary, no other source of income and no expenses. Id. at 2. The affidavit asserts that the plaintiff owns no property and no home; it offers no additional information about her financial circumstances. Id. at 2-4. The court cannot determine from this affidavit how the plaintiff is feeding herself, how she is paying for her residence or how she is paying any other expenses of daily living. Perhaps she receives public assistance, lives with friends and family or is financially supported by someone, but the affidavit does not say so. The court will deny the plaintiff's motion without prejudice and will allow her to file an amended request to proceed without prepaying the filing fee. The plaintiff must include on this form information about how she is supporting herself. The court will include with this order a blank form for the plaintiff's use. Alternatively, the plaintiff may pay the full $405 filing fee.

## II.    Screening

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting her claims; she needs only to give the defendants fair notice of the claim and the grounds upon

2

which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." United States ex rel. v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). Because the plaintiff represents herself, the court must liberally construe the allegations of her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

A.   Facts Alleged in the Complaint

The plaintiff filed her complaint on this district's pre-printed form. Dkt. No. 1. She named the defendant as "Nemak," with an address of 4243 Gateway Drive. Id. at 1-2. Under "Statement of Claim," the plaintiff wrote:

> 1.) A supervisor at Nemak two supervisor held me hostage in a room, A femal harassed me on the first day she seen me. I didn't even know it at the time. I thought it was the trainer. The woman supervisor keep harassing me about steel toe boot's I had on, even though I let my trainer step on my feet ever day with the same steel toe boot's. This same supervisor started harassing me about my pay, about any person that would train me on her shift, had males come up to me about my pay, stated she was not going to help train me because it was not her job, she would not let anyone train me.

Dkt. No. 1 at 2.

On the following page, the plaintiff continued:

> 1.) I got to work on my last day the supervisor came up to me and stated I am not training you. This was after I collected my samples.
>
> 2.) I stated, "I just going to call the manager" because they sayed you don't have to some one esle would. She said "no one is going to train you at all." I said "I'am going to call the manager!" She sayed "I am going to call the manager and she called her supervisor, I talkl to the supervisor and she stated that she should just let the other person train me and just get the work done. I said okay and she stated "she is going to call the manger. So I told her I am going up

3

stair to take some pain med's for my leg's. She [illegible] me off. I saide oky and

3.) when up stairs to the locker room. It was about 5 minut's later the supervisor came into the room with another super and would not let out of the for about 4 hours and thirty minuts. When they finally let me out of the room with zero other exit! Both supervisor insited that I state a something befor they let me go out of the room. We went back and forward about me saying they want me to state I said no about a hunder time for about 4.5 hour's. When they let me go I called the police and they started harassing me even more on the phone with HR.

Id. at 3.

On the next page of the complaint form, the plaintiff marked both the box indicating that she is suing for a violation of state law and the box saying that she is suing for a violation of state law in a case where the parties are citizens of different states. Id. at 4. She said that the amount at stake is $100,000. Id. In the "Relief Wanted" section, the plaintiff said that she lost "this job" under an "unjust situation," so she wants money damages; she says she left another job because she was told she could "thrive there for more money." Id. She says that she also lost time between jobs, and mentions "Emotional relief and trauma." Id. She says that the "attact's because of [her] skin color, or [her] sex, the relentless harassment of all sort." Id. She marked the box saying that she does not want a jury trial. Id. at 5.

    B.    Analysis

Federal courts, like this one, have limited jurisdiction. A federal court has jurisdiction to consider and decide cases that involve violations of federal laws or the federal Constitution. 28 U.S.C. §1331. Federal courts also have jurisdiction to consider and decide lawsuits between citizens of different states, if the amount in dispute is more than $75,000. 28 U.S.C. §1332.

The plaintiff does not say who, or what, "Nemak" is, and she did not provide a full address for Nemak. From the allegations in her complaint, it appears that Nemak is a company. The plaintiff says that she "lost this job," so it appears that Nemak may have been her employer.

Perhaps the plaintiff wants to bring a federal law claim for employment discrimination; she alleges that the incidents at work occurred because of her race or sex. To bring a discrimination claim under Title VII of the Civil Rights Act of 1964, a plaintiff first must exhaust her administrative remedies by filing charges with the Equal Employment Opportunity Commission and receiving from that commission a right-to-sue letter. Chaidez v. Ford Motor Co., 937 F.3d 998, 1004 (7th Cir. 2019). Failure to file a timely charge precludes a subsequent lawsuit under Title VII. Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 860 (7th Cir. 2005). Even if a plaintiff timely files an EEOC charge, a plaintiff may bring in her federal complaint only the claims that she included in her EEOC charge, or that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.' " Chaidez, 937 F.3d at 1004 (quoting Geldon v. S. Milwaukee Sch. Dist., 414 F.3d 817, 819 (7th Cir. 2005)). The EEOC charge and complaint "must, at minimum, describe the same conduct and implicate the same individuals." Id. The plaintiff has not alleged that she filed charges with the EEOC or that she received a right-to-sue letter.

The plaintiff faces additional hurdles in bringing a Title VII claim. Federal law prohibits employers from discriminating against an individual because of that individual's race, color, religion, sex, national origin or age. 42 U.S.C. §2000e-2(a); see also 29 U.S.C. §623(a). To successfully state a claim of employment discrimination, the plaintiff must "allege enough facts to allow for a plausible inference that the adverse action was connected to her protected

5

characteristics." Kaminski v. Elite Staffing, Inc., 23 F.4th 774, 777 (7th Cir. 2022). To the extent the plaintiff is bringing a harassment or hostile work environment claim under Title VII, she must allege, among other things, that the harassment was "sufficiently severe or pervasive to alter the terms and conditions of employment." Johnson v. Advoc. Health & Hosps. Corp., 892 F.3d 887, 900 (7th Cir. 2018).

The complaint does not provide sufficient facts to state a claim under Title VII. The plaintiff alleges that a supervisor (or two) held her "hostage," harassed her because of her steel-toed boots, refused to train her and wanted her to say something before she could leave. She has not provided the dates these events occurred, or the location where they occurred. She has not named the supervisor(s). She has not explained why she thinks the supervisor(s) attacked her because of her race or sex (as opposed to attacking her for some other reason). She has not explained how Nemak—the only named defendant—violated her rights.

The court will allow the plaintiff to file an amended complaint. When writing her amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated her constitutional rights?; 2) What did each person do to violate her rights?; 3) Where did each person violate her rights?; 4) When did each person violate her rights?; and 5) Why does she think that the person(s) or company acted based on her race and/or her sex, and not for some other reason? The plaintiff says that she lost her job, but she must explain whether she was fired, and if so, when she was fired, who fired her and what reason they gave for firing her. She must explain whether she filed a charge of discrimination with the EEOC and, if she did so, when she filed it, and she must explain whether she received a

6

notice of right to sue letter from the EEOC. If she has received a notice of right to sue, she must attach it to the amended complaint. The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each named defendant with notice of what each defendant allegedly did or did not do to violate her rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must list the case number for this case on the first page. She must list all the defendants she wants to sue in the caption of the amended complaint. She should use the spaces on pages two and three to explain the key facts that give rise to the claims she wishes to bring, and to describe which defendants she believes committed the violations that relate to each claim. The amended complaint takes the place of her prior complaint and must be complete by itself. The plaintiff may not refer the court back to her original complaint. She must repeat in the amended complaint any of the facts from the original complaint that she believes are necessary to her claims. If the court does not receive an amended complaint from the plaintiff by the deadline the court will set below, the court will dismiss the plaintiff's case for her failure to state a claim in her original complaint.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for leave to proceed without prepaying the filing fee. The court **ORDERS** that by the end of the day on **October 17, 2025**, the plaintiff either must pay the $405 filing fee or file an amended motion for leave to proceed without prepaying it.

The court **DETERMINES** that the plaintiff's complaint does not state a claim. The court **ORDERS** that if the plaintiff wishes to proceed with this federal case, then by the end of the day on **October 17, 2025**, the plaintiff

7

must file an amended complaint, complying with the instructions in this order. If the court does not *receive* from the plaintiff an amended complaint and either her amended motion for leave to proceed without prepaying the filing fee or the full $405 filing fee by the end of the day on **October 17, 2025**, the court will dismiss this case without prejudice, without further notice or hearing, for the plaintiff's failure to state a claim in her original complaint.

Dated in Milwaukee, Wisconsin this 26th day of September, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**